**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4258**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DEMARIO JEMEL TERRY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Charlotte. James A. Beaty, Jr., Senior District Judge. (1:13-cr-00243-JAB-1)

_____

Submitted: September 25, 2014    Decided: September 29, 2014

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Amy Lee Copeland, ROUSE & COPELAND LLC, Savannah, Georgia, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Jemel Terry pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(1)(A)(i) (2012) and was sentenced to five years of imprisonment. After pleading guilty, Terry filed a motion to withdraw his plea, but withdrew that motion fifteen days later. On appeal, counsel files a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Terry's guilty plea was voluntary; (2) whether Terry should have withdrawn his guilty plea; and (3) whether Terry's sentence was reasonable. For the reasons that follow, we affirm.

First, as noted by counsel, Terry knowingly and voluntarily pled guilty at his plea hearing, which complied with Fed. R. Crim. P. 11. Because Terry ultimately did not seek to withdraw his guilty plea, we review the adequacy of his Rule 11 proceedings for plain error, Fed. R. Crim. P. 52(b); United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002), and we find none.

Second, because Terry, on the advice of trial counsel, withdrew his motion to withdraw his guilty plea, any error by the district court regarding this circumstance would barred by the invited error doctrine. See United States v. Jackson, 124

2

F.3d 607, 617 (4th Cir. 1997) (noting that a court cannot be asked by counsel to take a step in a case and later be found in error because it complied with counsel's request). Moreover, even if we considered the issue on the merits, there is no fair and just reason in the record to warrant the withdrawal of Terry's plea under Fed. R. Crim. P. 11(d)(2)(B). See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (providing six-factor test).

Finally, we find that Terry's sentence was reasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 38, 41 (2007), and this review entails consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the advisory Sentencing Guidelines range. Id. Here, as noted by the district court, Terry faced a mandatory minimum sentence of five years, and therefore, the Sentencing Guidelines calculation, as denoted in his presentence report, did not alter his sentencing range of sixty months of imprisonment. See U.S. Sentencing Guidelines Manual § 2K2.4(b) (2013) (explaining that a § 924(c) conviction results in a Guidelines sentence of the minimum term of imprisonment required by the statute). Further,

3

the district court expressly considered some of the 18 U.S.C. § 3553(a) (2012) factors when imposing Terry's sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case, including the issues raised in Terry's pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Terry's conviction and sentence. This court requires that counsel inform Terry, in writing, of the right to petition the Supreme Court of the United States for further review. If Terry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Terry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4